ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Zahra Rose Construction & Logistics | ) ASBCA No. 63221 |
|   Services Company | ) |
| | ) |
| Under Contract No. H92237-20-P-3029 | ) |

APPEARANCE FOR THE APPELLANT:      Ms. Zahra Noori
      CEO

APPEARANCES FOR THE GOVERNMENT:    Jeffrey P. Hildebrant, Esq.
      Deputy Chief Trial Attorney
      Maj Brian Shust, USAF
      Maj Ashley Ruhe, USAF
      Trial Attorneys

<u>OPINION BY ADMINISTRATIVE JUDGE SMITH ON APPELLANT'S MOTION
FOR RECONSIDERATION</u>

This appeal was dismissed for lack of jurisdiction in our decision of May 19, 2022. We received appellant's May 23, 2022, objection to our decision which we will treat as a timely-filed motion for reconsideration under Board Rule 20. No further briefing is required and we deny the motion.

Board Rule 20 requires a party to provide "specific[] grounds relied upon to grant the motion" but appellant only makes a vague argument, without any evidence to support it, that appellant's two projects discussed in our dismissal were run by different project managers (app. mot. at 1). Appellant implies, without actually stating or showing, that one of the project managers may have been impeded more by the Taliban takeover of Afghanistan than the other, justifying equitable tolling of the jurisdictional time limit to submit this appeal. But even if there were two project managers who were affected differently by the Taliban, it does not refute our fact finding, supported by the record, that *appellant* demonstrated email capability during the 90-day period for submitting its notice of appeal here. Given the low bar for the contents of a notice of appeal (*see* Board Rule 1(a)), appellant has not shown that it required detailed information from its project manager, or that he or she was prevented from providing such information by the Taliban. There is no factual basis upon which to consider equitable tolling.

We also note that appellant's motion seeks to negotiate the claim with the contracting officer (app. mot. at 1). Our dismissal explicitly provided appellant that

opportunity, assuming the government determines there is any merit to appellant's claim – a decision we do not possess jurisdiction to make.

Last, even though appellant asserts that, as a contractor, it has given many years of support to the United States, under the Contract Disputes Act, the time limit for appeal to the Board is within 90 days of receipt of the contracting officer's final decision (*see* 41 U.S.C. § 7104(a)), unlike the rules for the Court of Federal Claims, which allow one year.

Date:  June 10, 2022

Brian S. Smith
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63221, Appeal of Zahra Rose Construction & Logistics Services Company, rendered in conformance with the Board's Charter.

Dated:  June 13, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

2